IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AF2, LLC, a Delaware Limited Liability Company, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | No. 04 C 7740 |
| TVF, LLC d/b/a/ the Tennessee Valley Vipers and d/b/a The Tennessee Valley Pythons, an Alabama Limited Liability Company, ARTHUR CLARKSON, individually, WARD INVESTMENTS, LLC d/b/a the Peoria Pirates and d/b/a the Peoria Mutineers, an Illinois Limited Liability Company, and PATRICK L. WARD, individually, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

On December 23, 2004, plaintiff and the Ward defendants (Ward), settled their disputes, and the settlement was memorialized on the record in open court. Plaintiff's counsel recognized that "We have a deal." What was the deal? AF2 would return a letter of credit "forthwith," or as soon as the logistics involved would permit, Ward would forgive approximately $25,000 in debt owed by AF2. AF2 would have its insurance people process and pay workman compensation claims for injuries that occurred during the 2004 season. Ward would change the team name to the Peoria Rough Riders, with a designated logo and color scheme. The court retained jurisdiction to enforce the settlement agreement, particularly with respect to the letter of credit and the workman compensation issues, but it was clear that the latter related to processing and paying claims arising from injuries in 2004.

Ward moves to enforce the settlement agreement. That motion is granted.

The letter of credit has not been returned. It must be returned forthwith, and AF2 shall pay to Ward any expenses that either of the Ward defendants may have incurred as a result of the letter of credit being outstanding after December 31, 2004. There is no dispute that the failure to return the letter was not a matter of logistics, but a conscious decision to retain security so as to provide a means of collecting on another claim, which, as we shall see, is equally unavailing.

That claim relates to workman compensation insurance premiums. If Ward had remained in the AF2 league they would have been liable for additional insurance premiums because the team loss experience, and the loss experience of ten teams under one type of coverage, were worse than the premiums previously paid. What that amount would be was to be left to the discretion of AF2 – it will devise the formula this summer. AF2 claims that matter was left as an open item, but it was not. No mention of that was made during the discussion in court. Perhaps, from AF2's perspective, it should have been, although it is highly unlikely that a settling defendant would leave a potential obligation unresolved and up to the subsequent determination of his adversary The deal was struck on December 23, 2004, and it did not include any future premium payments. AF2 is directed to use its best efforts to provide for the processing and payment of workman compensation claims arising from injuries suffered during the 2004 season, and it shall cease to claim any right to additional insurance premiums from Ward.

The payment of expenses rests upon this court's retained jurisdiction to enforce the settlement agreement, not upon Rule 11, and are in the nature of damages for breach. The settlement agreement does not provide for the payment of attorneys' fees in the event of a

breach, and, accordingly, they are not awarded.

_James B. Moran_
**JAMES B. MORAN**
**Senior Judge, U. S. District Court**

__March 3__, 2005.