6J

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AF2, LLC, a Delaware Limited Liability Company, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>TVF, LLC d/b/a/ the Tennessee Valley )<br>Vipers and d/b/a The Tennessee Valley )<br>Pythons, an Alabama Limited Liability )<br>Company, ARTHUR CLARKSON, )<br>individually, WARD INVESTMENTS, )<br>LLC d/b/a the Peoria Pirates and )<br>d/b/a the Peoria Mutineers, an Illinois )<br>Limited Liability Company, and )<br>PATRICK L. WARD, individually, )<br>)<br>Defendants. ) | No. 04 C 7740 |

## MEMORANDUM OPINION AND ORDER

Plaintiff wants to arbitrate in Chicago various disputes with TVF, LLC and Jules Arden Clarkson, misnamed Arthur Clarkson in the caption (Clarkson). TVF, LLC agrees that the arbitration should proceed, although it appears to question the scope of the arbitration (a matter the arbitrators will have to determine). Clarkson believes he is not obligated to arbitrate, and plaintiff has moved to compel him to do so. But before that issue is decided, we have to deal with Clarkson's further contention that the court has no personal jurisdiction over him and that venue here is improper. If that is so, then plaintiff must go elsewhere to seek to compel arbitration.

Neither plaintiff nor Clarkson has filed an affidavit respecting contacts with Illinois, but the parties appear largely in agreement as to what those contacts have been. Clarkson resides

in Alabama. The arena football team in which he has an interest is located in Alabama, and its use of the accused name and logo is centered there, with no suggestion that they have been used in Illinois. Clarkson was on the board of directors of plaintiff, which apparently meant that he attended one or more board meetings in Chicago and sent communications to plaintiff in Chicago. He apparently sent communications to plaintiff in Chicago in his capacity as operator of TVF. Finally, according to plaintiff, he may have solicited the principals of a Bloomington, Illinois, arena to place a team there, although how he did so is not specified.

Plaintiff rests jurisdiction here on its federal trademark claims, which are essentially tort claims. But there is nothing to suggest that Clarkson's alleged trademark infringement occurred in Illinois. That is also true of most of its state law claims, which rest upon conduct in or near Alabama. The closest plaintiff comes to establish an Illinois connection is to allege that Clarkson, as a board member, is in breach of his fiduciary obligations and that he may have solicited the principals in Bloomington. Those are state law claims.

Illinois recognizes the fiduciary shield doctrine which "denies personal jurisdiction over an individual whose presence and activity in the state in which the suit is brought was solely on behalf of his employer or other principal." Rice v. Biomedical Corp., 38 F.3d 909, 912 (7th Cir. 1994). Each member designated one representative to plaintiff's board, and Clarkson was TVF's representative. The contacts upon which plaintiff relies for its fiduciary obligation claims arise from Clarkson's activities on behalf of his employer.

The Bloomington allegations are another matter. They were, plaintiff alleges, to advance Clarkson's personal interests. Possibly that is enough to require Clarkson to respond in Illinois – but not in the Northern District of Illinois. Bloomington is in the Central District, and venue does not lie here.

Clarkson's motion to dismiss is granted. Plaintiff must pursue his motion to compel arbitration elsewhere.

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

Feb. 22, 2005.